UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSHAWA S. COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>FOUNTAIN COUNTY JAIL AND ADMINISTRATION,<br>QUALITY CORRECTIONAL CARE,<br>FOUNTAIN COUNTY SHERIFF DEPARTMENT,<br>TERRI HAULT,<br>JOSH PAXTON,<br><br>Defendants. | ) | No. 1:23-cv-01563-SEB-TAB |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Joshawa S. Collins filed this civil action alleging that he was denied proper medical care and nutrition while incarcerated at the Fountain County Jail. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Plaintiff attached exhibits to his complaint. The documents attached as exhibits to the complaint are deemed to be part of the complaint for all purposes and are properly considered by the court at screening. See *Williamson v. Curran,* 714 F.3d 432, 436 (7th Cir. 2013) (the court may consider "documents that are attached to the complaint, documents that are central to the complaint and referred to in it.").

## II. The Complaint

Mr. Collins names multiple defendants: Fountain County Jail and administration, Fountain County Sheriff Department, Terri Hault, Josh Paxton, and Quality Correctional Care. He alleges that upon arrival at the Jail on August 6, 2023, he told staff that he had two infected toenails. Staff cleaned them the next day but refused to do anything else. Mr. Collins submitted medical requests but was not seen again until August 18, 2023, when he was placed on antibiotics because the infection had worsened and he was "in so much pain [he] couldn't touch" the toenails. Dkt. 1 at 3.

Additionally, Mr. Collins alleges he has a B-12 deficiency, for which he receives a B-12 shot every thirty days. This deficiency causes plaintiff a lot of pain. He requested a B-12 diet tray, but kitchen staff and Jail Commander Josh Paxton refuse to give one to him. He seeks monetary and injunctive relief.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed** for failure to state a claim upon which relief may be granted.

First, any claims against Terri Hault are **dismissed for failure to state a claim upon which relief can be granted**. Mr. Collins' complaint makes no allegations against Terri Hault. In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Because there are no factual allegations of misconduct on the part of Terri Hault, the claims against him are dismissed.

Second, any claim against the Fountain County Jail is **dismissed for failure to state a claim upon which relief can be granted** because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight,* 710 F. App'x 260, 262 (7th Cir. 2018), cert. denied, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility,* No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Additionally, claims against the Fountain County Jail administration are **dismissed for failure to state a claim upon which relief can be granted** because a group of people is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676; *Locke v. Haessig,* 788 F.3d 662, 669 (7th Cir. 2015)

The claim against the Fountain County Sheriff Department is also subject to **dismissal for failure to state a claim upon which relief may be granted**. The Sheriff's Department may only be sued when its actions violate the Constitution. See *Levy v. Marion Cty. Sheriff,* 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 98 S.Ct. 2018 (1978) to claim against Sheriff Department). To state a *Monell* claim, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. of the Cty. Commissioners v. Brown,* 520 U.S. 397, 403–04 (1997)). The complaint fails to provide any factual basis upon which to conclude that the Sheriff's Department took any action that caused Mr. Collins' injury.

Similarly, because Quality Correctional Care acts under color of state law by contracting to perform a government function, it is treated as government entity for purposes of Section 1983 claims. *See Jackson v. Illinois MediCar, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). Thus, to state a cognizable *Monell* claim against this entity, Mr. Collins must allege that he suffered a constitutional deprivation as the result of an express policy or custom. *Glisson v. Ind. Dep't of Corr.,* 849 F.3d 372, 379 (7th Cir. 2017). His complaint contains no such allegations. Therefore, the claims against Quality Correctional Care are **dismissed for failure to state a claim upon which relief can be granted**.

Finally, the claims against Josh Paxton are **dismissed for failure to state a claim upon which relief can be granted**. "Non-medical defendants . . . can rely on the expertise of medical personnel." *Arnett v. Webster,* 658 F.3d 742, 755 (7th Cir. 2011). The Seventh Circuit has made

clear that, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* The attached exhibit clearly states that Jail Commander Josh Paxton denied a B-12 diet because he "talked to the nurse. The B-12 shot [Plaintiff] get[s] once a month is enough B-12." Dkt. 1 at 7.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to **dismissal**.

## IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through January 5, 2024, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is**

**directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:23-cv-01563-SEB-TAB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 12/6/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSHAWA S. COLLINS
VIGO COUNTY JAIL
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802